IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW ROSS,

    Plaintiff,

v.                                                  1:18-cv-00009-JCH-LF

HONORABLE PAUL KELLY,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on defendant the Honorable Paul Kelly's Motion to Dismiss and Memorandum in Support, filed February 7, 2018. 18-cv-9, Doc. 9.[1] Plaintiff Andrew Ross had through February 21, 2018, to file a response to the motion.[2] Ross did not file a response to the motion to dismiss within the time prescribed. Ross's failure to respond to the motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

The Honorable Judith C. Herrera referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. 18-cv-9, Doc. 16. Having read the motion and being fully advised in its premises, I find that the motion is well-taken and recommend that it be granted, and that this case be dismissed with prejudice.

---

[1] As in Judge Kelly's motion, this opinion refers to various documents filed not only in this case, but also in *Ross v. Balderas*, 16-cv-1121, and in two related appeals, *Ross v. Balderas*, Tenth Cir. Nos. 17-2070 and 17-2140. For clarity, all references to filed documents will state the district court or court of appeals number, followed by the docket number.

[2] *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within 14 calendar days after service of the motion."). When a party must act within a specified time, three days are added if service is made by regular mail. *See* FED. R. CIV. P. 6(d). Plaintiff has elected to be served by electronic mail. Doc. 4. Therefore, Rule 6(d) does not apply in this case.

I. Background and Procedural Posture

Judge Kelly is a United States Circuit Judge, sitting by designation in the District of New Mexico. Ross initiated this lawsuit against Judge Kelly as the result of his disagreement with Judge Kelly's post-judgment decisions in the lawsuit styled *Ross v. Balderas*, 16-cv-1121-PJK/SMV. 18-cv-9, Doc. 1 at 1. In *Ross v. Balderas*, Ross and Susan Gerard[3] sought monetary damages, injunctive relief and declaratory relief against approximately 30 defendants, including the New Mexico Attorney General and several state district court judges. 16-cv-1121, Docs. 1, 8. Although the complaint originally arose out of a landlord/tenant dispute, Ross and Gerard alleged that they were

> victims of a massive conspiracy involving a criminal enterprise as defined by the applicable RICO statues of the United States (hereinafter "the Criminal Enterprise"). The conspiracy involves almost the entirety of the Santa Fe First Judicial District, the Santa Fe Magistrate Court, the Santa Fe Sheriff's Department, and at the helm of the Criminal Enterprise, the Attorney General for the State of New Mexico . . . .

16-cv-1121, Doc. 8 at 2. All of the defendants moved to dismiss the case or for summary judgment, and the Court granted the dispositive motions. 16-cv-1121, Docs. 69, 121, 137, 144, 168, 169. Judge Kelly entered final judgment on April 18, 2017. 16-cv-1121, Doc. 190.

On May 14, 2017, Ross filed a notice of appeal of the final judgment, and of the Court's order denying leave to amend, both of which were entered on April 18, 2017. 16-cv-1121, Doc. 197. Ross also filed a motion for leave to proceed on appeal without prepayment of costs or fees. 16-cv-1121, Docs. 207, 228. In the order denying the motion for leave to proceed on appeal without prepayment of costs or fees, the Court advised Ross "that he may file a motion for leave to proceed on appeal in forma pauperis with the United States Court of Appeals for the Tenth Circuit within thirty (30) days after service of this order. FED. R. APP. P. 24(a)(5)." 16-

---

[3] Susan Gerard died during the pendency of the *Ross v. Balderas* action. 16-cv-1121, Doc. 200.

cv-1121, Doc. 228. Ross did not file any such motion with the Tenth Circuit. 10th Cir. No. 17-2070, Docket. On June 2, 2017, the Tenth Circuit issued a deficiency notice and warned that that appeal could be dismissed without further notice if the deficiency was not corrected. 10th Cir. No. 17-2070, Doc. 01019819360. On June 13, 2017, the Tenth Circuit dismissed Ross's appeal for failure to prosecute. 10th Cir. No. 17-2070, Doc. 01019824239.

Following the District Court's final judgment, various defendants requested attorney's fees and costs. 16-cv-1121, Docs. 87, 126, 155, 158, 175, 177. The Court denied fees as to some defendants and granted fees as to other defendants. 16-cv-1121, Docs. 249, 250. On August 11, 2017, the Court entered its final judgment on attorney's fees, and ordered Arash Kashanian, Ross's former attorney, to personally pay half the fees ordered. 16-cv-1121, Doc. 252. Kashanian appealed the orders awarding attorney's fees and costs and the final judgment on attorney's fees to the Tenth Circuit. 16-cv-1121, Doc. 254. The Tenth Circuit abated the appeal pending the district court's resolution of a motion for reconsideration. 10th Cir. No. 17-2140, Doc. 01019878222. The District Court ruled on the motion, and entered its first amended final judgment on October 2, 2017. 16-cv-1121, Docs. 268, 269. The Tenth Circuit lifted the abatement on October 4, 2017 and ordered Kashanian to file an entry of appearance, docketing statement, and transcript order form by October 13, 2017. 10th Cir. No. 17-2140, Doc. 01019881278. Because Kashanian failed to file any of the preliminary documents as required, the Tenth Circuit dismissed the appeal for lack of prosecution. 10th Cir. No. 17-2140, Doc. 01019886913.

On November 13, 2017, Ross filed a motion for reconsideration of the order granting Robert Richards attorney's fees. 16-cv-1121, Doc. 285. Judge Kelly denied the motion and in doing so, noted,

3

> Mr. Richards has requested that Mr. Ross be placed under filing restrictions and be ordered to undergo a neuropsychological evaluation, which could lead to a commitment proceeding or appointment of a guardian ad litem. He also seeks attorney's fees and costs subsequent to the order granting him fees.

16-cv-1121, Doc. 295 at 2–3. The Court declined to order such relief. *Id.* at 3. Richards then sought to take Ross's deposition in aid of judgment, which Ross opposed, and Ross moved for a protective order. 16-cv-1121, Docs. 287, 289. Magistrate Judge Stephan Vidmar held a hearing on Ross's motion for a protective order on December 4, 2017. 16-cv-1121, Doc. 298. On December 5, 2017, Judge Vidmar allowed the deposition to go forward, but limited the questioning to that which was "[i]n aid of the judgment or execution." 16-cv-1121, Doc. 300 at 4. Ross filed a second motion for protective order on December 12, 2017, which Judge Vidmar denied. 16-cv-1121, Docs. 302, 304. Judge Kelly did not enter any of the orders on Ross's motions for protective order regarding the depositions noticed by Robert Richards.

II.     Discussion

Although Ross's failure to file a response to Judge Kelly's motion constitutes consent to granting the motion, the Tenth Circuit has encouraged district courts to decide dispositive motions filed against pro se litigants on the merits. *See Woods v. Roberts*, No. 94-3159, 1995 WL 65457, at *2 (10th Cir. 1995) (unpublished) ("[T]his circuit has expressed concern that pro se litigants not have their suits dismissed on summary judgment merely because they have failed to comply with the technical requirements involved in defending such a motion.") (citing *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991)); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir.1985) ("The rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits."). Thus, the Court will consider the merits of Judge Kelly's motion.

Ross's complaint in this case focuses on four of Judge Kelly's post-judgment orders: (1) an order denying Ross's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, (2) an order awarding attorneys' fees to Hector Balderas, (3) an order awarding attorneys' fees to Robert Richards, and (4) an order denying Ross's Motion for Protective Order. 18-cv-9, Doc. 1, ¶¶ 10, 11, 13, 14, 26. Although Judge Kelly points out several deficiencies in plaintiff's complaint and several reasons why it should be dismissed, including lack of proper service and immunity, *see* 18-cv-9, Doc. 9 at 5, 6 n.7, he notes that the simplest basis for dismissal is that Ross's claim for declaratory and equitable relief is not available because Ross has a sufficient remedy at law, *id.* at 7–8. I agree.

Ross's complaint seeks a declaration that the orders in another proceeding are unconstitutional, and requests a stay of one of the orders. 18-cv-9, Doc. 1 at 6 (prayer for relief). But this very relief "was available through such standard legal means as post-judgment motion, appeal, mandamus, prohibition, and/or certiorari review in the prior proceedings." *Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001). "[E]quitable relief is available only in the absence of adequate remedies at law." *Id.*; *accord Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966) ("The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies."); *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946) ("It is a general criterion that a court will not entertain jurisdiction in a declaratory action if the identical issues are involved in another pending proceeding[]."). Because Ross could remedy the alleged wrongs by way of an appeal, injunctive and declaratory relief is not available. *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974) ("[C]ourts of equity should not act . . . when the moving

party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.").

As Judge Kelly points out:

> Plaintiff understood and initially exercised his right to appeal Judge Kelly's orders. In the Order Denying Motion for Leave To Proceed On Appeal Without Prepayment of Costs or Fees, Judge Kelly specifically informed Plaintiff, "Mr. Ross is advised that he may file a motion for leave to proceed on appeal in forma pauperis with the United States Court of Appeals for the Tenth Circuit within thirty (30) days after service of this order." 16-cv-1121, Doc. 295. The Court then directed Plaintiff to the specific rule that provided this recourse—Fed. R. App. P. 24(a)(5). *Id.* Plaintiff chose not to file the motion with the Court of Appeals. *Ross v. Balderas*, [10th Cir. No.] 17-207[0], Docket. Indeed, after filing the Notice of Appeal, Plaintiff failed to file necessary pleadings, such as a notice of appearance, docketing statement, and transcript order form, so the appeal was dismissed. *Id.* Likewise, though Plaintiff initially appealed the award of attorney's fees, he ultimately chose not to pursue the appeal. Having failed to exercise his right to appeal, he should not be heard to complain now.

Doc. 9 at 7–8.

III. <u>Recommendation</u>

I agree with the analysis in Judge Kelly's motion. Further, Ross has failed to file any response in opposition to the motion, and thus consents to the dismissal of his complaint. I therefore recommend that the Court grant Judge Kelly's motion to dismiss (18-cv-9, Doc. 9) and dismiss Ross's complaint with prejudice. Because I recommend that this case be dismissed, I also recommend that Ross's Emergency Motion to Stay (18-cv-9, Doc. 3), and his Emergency and Expedited Motion to Schedule a Hearing on the Motion to Stay Deposition of Andrew Ross in *Ross v. Balderas* (18-cv-9, Doc. 7), be denied as moot.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge